UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AMY E. HOUSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-118-LJM-WGH |
| | ) | |
| BRIDGES OF INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S FIRST MOTION FOR
LEAVE TO AMEND COMPLAINT**

**I.   Introduction**

This matter is before the court on Plaintiff's First Motion for Leave to Amend Complaint filed June 25, 2010.  (Docket No. 13).  Defendant filed an Objection to Plaintiff's First Motion for Leave to Amend Complaint on July 7, 2010 (Docket No. 17), and Plaintiff filed her Reply on July 12, 2010 (Docket No. 23).

**II.   Analysis**

Plaintiff filed this motion seeking to amend her Complaint; Defendant has already filed an Answer.  The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave

should be freely given when justice requires.  FED. R. CIV. P. 15.  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."  *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, plaintiff seeks to amend her Complaint to add a claim of retaliation.  Plaintiff had originally filed her Complaint arguing that she had been terminated because of her pregnancy and in violation of Title VII and the Family Medical Leave Act.  Defendant responded by filing a Counterclaim alleging that, upon leaving employment with defendant, plaintiff had wrongfully detained defendant's personal property.  Plaintiff seeks to amend her Complaint because she alleges that the Counterclaim was filed in retaliation for her filing of this lawsuit, which is protected activity.  Defendant contests plaintiff's attempt to amend the Complaint arguing that the filing of a counterclaim does not amount to retaliation.  The Magistrate Judge, having examined the arguments of the parties and the relevant authority, concludes that plaintiff's attempt to amend the Complaint must be denied.

"It will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation. . . ."  *Steffes v. Stepan Co.,* 144 F.3d 1070, 1075 (7th Cir. 1998).  Courts in this circuit have routinely found that the filing of a counterclaim, without more, does not amount to an adverse employment action

and, therefore, cannot support the filing of a retaliation claim. *Beltran v. Brentwood North Healthcare Center, LLC,* 426 F. Supp.2d 827, 834 (N.D. Ill. 2006). And, "[t]he filing of a *compulsory* counterclaim is a particularly unlikely basis for a retaliation claim. . . ." *Ergo v. International Merchant Services, Inc.,* 519 F. Supp.2d 765, 780 (N.D. Ill. 2007)(emphasis added). A counterclaim is compulsory under the Federal Rules of Civil Procedure if it arises out of the same transaction or occurrence that is the subject matter of the Complaint. FED. R. CIV. P. 13. The only circumstance in which the filing of a counterclaim could constitute retaliation is if the counterclaim was totally baseless. *See Ergo,* 519 F. Supp.2d at 781; *Beltran,* 426 F. Supp.2d at 834. A claim is baseless if legal authority clearly makes such a claim frivolous. *See Beltran,* 426 F. Supp.2d at 834.

    Here, there is certainly a strong argument that defendant's Counterclaim qualifies as a *compulsory* counterclaim. Plaintiff has brought a wrongful termination claim, and the Counterclaim alleges that plaintiff wrongfully removed defendant's personal property in the process of being terminated. This allegation appears to arise out of the same transaction of plaintiff being terminated. Regardless of whether or not this was a compulsory counterclaim, the Magistrate Judge concludes that defendant's actions in this case of filing the Counterclaim do not constitute retaliation. Defendant's Counterclaim is not baseless; if defendant's allegations in its Counterclaim are proved at trial, then plaintiff could be liable to defendant for damages. This Magistrate Judge, therefore, concludes

that the amendment of plaintiff's Complaint to include a claim of retaliation would be futile, and plaintiff's motion must be denied.

### III.  Conclusion

For the reasons outlined above, Plaintiff's First Motion for Leave to Amend Complaint is **DENIED**.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  July 20, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Robert F. Hunt
HUNT HASSLER & LORENZ LLP
hunt@huntlawfirm.net

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Larry R. Downs
KAHN DEES DONOVAN & KAHN
ldowns@kddk.com

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
ahlers@kddk.com

Crystal Spivey Wildeman
KAHN DEES DONOVAN & KAHN
cwildeman@kddk.com